IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


**IN RE PETITION OF DAVID LUCAS,** : CIVIL ACTION 19-0321-TFM-MU
 **# 180728.**


## REPORT AND RECOMMENDATION

This matter is before the Court on David Lucas's Rule 27 Petition for Pre-Action Discovery ("Petition"). (Doc. 1). United States District Judge Terry F. Moorer referred the Petition to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3). For the reasons stated below, it is recommended that the Petition be denied.[1]

**I. Petition. (Doc. 1).**

Lucas, an Alabama prison inmate proceeding *pro se*, filed his Petition in this Court pursuant to Rule 27 of the Federal Rules of Civil Procedure. (Doc. 1 at 1). The parties identified as adverse to the Petitioner are Terry Raybon, Warden II at Holman Correctional Facility, and the Alabama Department of Corrections. (*Id.* at 3). Lucas seeks a subpoena from the Court requiring Facebook to produce all its information associated with a false Facebook page under the name of David Lucas, and all Facebook pages created from the I.P. address used to create the false, David Lucas Facebook page, and the name of tech company that assigned the I. P. address to the creator of the page, i.e., the impersonator. (*Id.*). Lucas seeks to uncover the identity of

---

[1] Lucas filed the same Petition in *Lucas v. Raybon*, CA No. 2:19-mc-03879-WKW-WC (M.D. Ala.), shortly after he filed the present Petition. The Middle District Magistrate Judge is recommending this other petition be denied and the action be dismissed. (Doc. 5).

the person who used ADOC's database of inmate records to create the false Facebook page using Lucas's face to attract women whom the person could not "hope to attract with his own ugly face." (*Id.* at 6).

The background for Lucas's request stems from 2015 when a warden at a Bessemer, Alabama, prison ordered his officers to shake down Lucas for a cell phone. (*Id.* at 7). Lucas claims no cell phone was found, because he cannot afford one. (*Id.*). Lucas was taken to the warden's office where the warden told him that Warden Terry Raybon in Atmore, Alabama, sent an email stating that Lucas had a Facebook page and included a printout of the page with Lucas's photograph from his prison identification card. (*Id.* at 7-8). Lucas wondered why the warden in Atmore thought to look up his name on Facebook when there are a thousand inmates at Holman who use cell phones all day in the open with officials not saying anything. (*Id.* at 8). Lucas maintains that he did not create this Facebook account. (*Id.*).

In June 2016, Lucas was transferred to Holman after being at Donaldson Correctional Facility[2] for twenty years. (*Id.*). When Lucas arrived at Holman along with twelve other inmates, Raybon called out his full name without mentioning another inmate's name. (*Id.*). At Holman, Lucas witnessed for himself that inmates were openly talking on cell phones and walking around with a knife in their waistbands like a pistol. (*Id.*). The officials said nothing to inmates, as gangs ran the prison, and the officials, as well as the warden, were scared. (*Id.*).

---

[2] Donaldson Correctional Facility is located in Bessemmer, Alabama. www.doc.state.al.us/FacAddr (lasted visited Aug. 9, 2019).

An inmate whom Lucas knew pulled up for him the David Lucas Facebook page on a cell phone. (*Id.*). Lucas called his brother who looked up him on Facebook and found that a lot of beautiful women were Lucas's friends. (*Id.* at 8-9). His brother did not know who created the page or how to find out who created it. (*Id.* at 9). Lucas thought the page must have been created in Atmore. (*Id.*).

When Lucas would appear before the job board, which Raybon oversaw, his request for a job was denied. (*Id*). After a month, Raybon had officers shake down Lucas, but no cell phone was found. (*Id.*). Then, a friend of Lucas's, who worked in the law library, told Lucas about a case brought by Raybon, prior to working for the Alabama Department of Corrections, over his termination from the Alabama Department of Public Safety.[3] (*Id.*). After reading the case, Lucas concluded that Raybon "liked to cruise the internet to entrap women [and was] using DOC's database" to create a false Facebook page for David Lucas, whose face will attract women, so Raybon can entrap them. (*Id.* at 10). Three times, Lucas told DOC's investigators about this, but they did not look into it. (*Id.*).

In 2017, Lucas was locked up for a stabbing, but the officer who was present wrote in the incident report that Lucas did not stab anyone. (*Id.*). Raybon, who is in charge of the segregation board, refused to let Lucas out of lock-up, and the inmate who actually committed the stabbing was released after one month. (*Id.*). When Lucas inquired of other board members why was he still locked up after a year, they pointed to Raybon and indicated they did not know his reason. (*Id.*). Even in lock-up, Raybon had

---

[3] *Raybon v. Ala. Dep't Pub. Safety,* No. CIV. A. 00-D-391-N, 2001 WL 611194 (M.D. Ala. 2001) (De Ment, J.) (unpublished).

officers shake down Lucas looking for a cell phone. (*Id.* at 11). The officers also wondered why Raybon would not return Lucas to population. (*Id.*).

Two months, prior to filing the present Petition, Lucas requested the Classification Supervisor to ask Raybon at the segregation board, "What did Lucas do that makes you not want to release him?" and "Are you mad because he had [F]acebook shut down that page you created and used to impersonate him?" (*Id.*). The Classification Supervisor showed the note to the head warden, Cynthia Stewart, who said that Raybon listed Lucas as an enemy and she was trying to transfer Lucas that day. (*Id.*). Stewart never got around to talk to Lucas, and he was not transferred. (*Id.*). When the note was sent to Associate Commissioner Cheryl Price, she stopped the transfer, began an investigation to determine the validity of his statements, and wanted to know why Lucas was listed as Raybon's enemy. (*Id.*). Lucas advised Price to have the legal department file a Rule 27 Pre-Action Discovery Request for a subpoena for Facebook as well as to have the IT department search its servers. (*Id.*). Regardless of the result, Lucas planned to file his own Rule 27 to confirm his suspicions. (*Id.*).

## II. Analysis.

Lucas brings his Petition pursuant to Rule 27 of the Federal Rules of Civil Procedure. (Doc. 1 at 1). Federal Rule 27 is titled "Depositions to Perpetuate Testimony," and a review of federal Rule 27 indicates that it only is directed to the taking of depositions where the necessity exists to perpetuate the testimony of a person.[4]

---

[4] Rule 27 provides:
> Depositions to Perpetuate Testimony
> (a) Before an Action Is Filed.
> (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United

4

States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must be titled in the petitioner's name and must show:
   (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
   (B) the subject matter of the expected action and the petitioner's interest;
   (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
   (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
   (E) the name, address, and expected substance of the testimony of each deponent.
 . . . .
(2) Notice and Service. . . .
(3) Order and Examination. If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.
(4) Using the Deposition. . . .
(b) Pending Appeal. . . .
(c) Perpetuation by an Action. This rule does not limit a court's power to entertain an action to perpetuate testimony.

"The Rule is intended to apply when 'for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced.'" *In re Vioxx Products Liab. Litig.,* 2008 WL 1995098, at *3 (E.D. La. 2008) (quoting 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2071, p.651 (2d ed.1994) (quotation omitted)) (unpublished). Federal "Rule 27 is not to be used as a discovery statute and may not be used as 'a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted.'" *Id.* (quoting *Lucas v. Judge Advocate Gen., Naval Criminal Investigative Serv.,* 245 F.R.D. 8, 8 (D.D.C. 2007)).[5] Moreover, all five requirements of Rule 27(a) are required to be met before a petition will be granted under Rule 27. *In re Sims,* 389 F.2d 148, 150 (5th Cir. 1967).[6]

In contrast, Rule 27 of the Alabama Rules of Civil Procedure "permits a person to file a verified petition seeking permission to obtain pre-suit discovery to 'perpetuate that person's own testimony or that of another person *or* to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state.'" *Young v. Hyundai Motor Mfg. Ala. LLC.,* 575 F. Supp.2d 1251, 1253 (M.D. Ala. 2008) (Albritton, J.) (quoting ALA.R.CIV.P. 27(a)(1)) (emphasis added). Even though the

---

[5] It is noted that the name of the petitioner in *Lucas v. Judge Advocate Gen., Naval Criminal Investigative Serv.,* is David Lucas of Bessemme[r], Alabama, who proceeded *pro se*. This petitioner was court-martialed after he was found guilty of rape and sodomy. 245 F.R.D. at 8. The petition sought DNA results; the petition was denied. *Id.* The District Court's decision was affirmed. *Lucas v. Judge Advocate Gen., Naval Criminal Investigative Serv.,* 279 F. App'x 11(D.C. Cir. 2008).

[6] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

purpose of Alabama's Rule 27 is to perpetuate testimony, it also permits "pre-suit discovery for the purpose of investigating and evaluating a potential claim." *Id.* at 1253. While the federal Rule 27 is stricter and allows only for the perpetuation of testimony. *Id.*

Moreover, federal Rule 27 is available only to a petitioner who will be a party to a cognizable action in federal court and "is presently unable to bring the action in any court, state or federal, anywhere in the United States." *Shore v. Acands, Inc.,* 644 F.2d 386, 388 (5th Cir. May 4, 1981). In this instance, Lucas "expects to be a party to several actions in the U.S. District Court for the Southern District of Alabama, the Escambia County Circuit Court, and the Montgomery County Circuit Court in Civil and Criminal actions against one Terry Raybon and the State of Alabama for the illegal actions of Terry Raybon . . for using the State[']s database of inmate records to create false Facebook pages w[h]ere he is impersonating the inmate to attract unsuspecting women for nefarious purposes. (Identity Theft)." (Doc. 1 at 1). In light of this statement, Lucas has not made the required showing that he is unable to be party to another action.[7] In addition, Lucas's Petition requests information and documents; he makes no

---

[7] The undersigned recognizes that Lucas will be somewhat limited in bringing an *in forma pauperis* action in federal court because he is considered a "three-striker." That is, 28 U.S.C. § 1915(g), which prohibits a prisoner from filing an action or appeal if he has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury[,]

7

request to take any entity's deposition, which is all that can be gained under federal Rule 27. (*Id.* at 6). Lucas failed to make the necessary showing on these aspects of a request under federal Rule 27. The Court therefore foregoes discussion of the other aspects of Rule 27 because Lucas must satisfy *all* the requirements of federal Rule 27. *In re Sims*, *supra*.

### III. Conclusion.

As a consequence of the Petition's above-described deficiencies, it is recommended that Lucas's Petition be denied.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

---

28 U.S.C. § 1915(g), applies to Lucas. Lucas's actions or appeals that were dismissed on one of the foregoing specified grounds are: *Lucas v. Bullard,* CA No. 2:01-cv-01319-ELN-JEO (N.D. Ala. 2001) (failure to state a claim); and *Lucas v. Molten, Allen & Williams,* CA No. 2:16-cv-00556-VEH-JEO (N.D. Ala. 2016) (failure to state a claim), *dismissing appeal as frivolous* (11th Cir. Jan. 27, 2017).

8

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 22nd day of August, 2019.

                                          s/ P. BRADLEY MURRAY
                                          **UNITED STATES MAGISTRATE JUDGE**